| STATE OF INDIANA | ) | IN THE MARION COUNTY SUPERIOR COURT |
|---|---|---|
|  | ) SS: |  |
| COUNTY OF MARION | ) | CAUSE NO. |

DAVID TRAIN and JANICE TRAIN,    )
                                 )
       Plaintiffs,              )
                                 )
v.                               )
                                 )
LOWE'S HOME CENTERS, LLC d/b/a   )
LOWE'S COMPANIES, INC. d/b/a     )
LOWE'S and JOHN DOE              )
                                 )
       Defendants.             )

## COMPLAINT FOR DAMAGES AND INTERROGATORIES

Come now the Plaintiffs, David and Janice Train, by counsel, and for their Complaint for Damages against the Defendants, Lowe's Home Centers, LLC d/b/a Lowe's Companies, Inc. d/b/a Lowe's (herein "Lowe's") and John Doe, state as follows:

1. The Plaintiffs attach and file their interrogatories to be answered by the Defendant pursuant to the Indiana Rules of Civil Procedure.

2. At all relevant times to this action, the Plaintiffs were residents of Noblesville, Indiana.

3. At all times relevant to this action the Defendant, Lowe's was a North Carolina company doing business in the State of Indiana with its principal office in Indianapolis, Marion County, Indiana.

4. On or about November 2, 2021 the Plaintiff, David Train, suffered personal injury when he was struck by a Lowe's employee, John Doe, operating a stocking cart at Lowe's store #1135 in Avon, Indiana

1

EXHIBIT A

5. At said time and place the Plaintiff, David Train, was a customer of Lowe's lawfully on the premises.

6. At all times relevant to this action John Doe was an employee of Lowe's and was within the scope of his employment; in the course of and in furtherance of the Lowe's business he negligently struck Plaintiff David Train, causing serious injury to him.

7. The Defendant, Lowes, failed to properly train and/or supervise its employee, John Doe, in the safe operation and execution of Lowe's business.

8. The Defendant, Lowes, failed to warn Plaintiff of the dangers at the location when the Defendant knew or in the exercise of reasonable care should have known the same.

9. As a direct and proximate result of the carelessness and negligence of the Defendants, the David Train suffered personal injury resulting in pain and suffering to him and his injuries may be permanent.

10. As a direct and proximate result of the carelessness and negligence of the Defendants, David Train suffered disfigurement and scarring which is permanent.

11. In order to treat these injuries, David Train was required to engage the services of hospitals and medical practitioners, he incurred medical expenses, and he may continue to incur medical expenses for care in the future, all as a direct and proximate result of the negligence of the Defendants.

12. At all times relevant, David and Janice Train were husband and wife; due to the negligence of the Defendants Janice lost the legal services of her husband.

13. As a direct and proximate result of the carelessness and negligence of the Defendants, the Plaintiffs have been damaged.

WHEREFORE, Plaintiffs prays for judgment against the Defendants in an amount commensurate with the evidence of their damages, costs of this action and all other relief proper in the premises.

Respectfully Submitted,

/s/ Reid Nahmias
Reid A. Nahmias (#30785-29)
Alexander J. Limontes (#27226-49)
Attorney for Plaintiff(s)
**Hurst Limontes, LLC**
50 South Meridian Street, Suite 600
Indianapolis, IN 46204
(317) 636-0808

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION COUNTY SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO. |

DAVID TRAIN and JANICE TRAIN,      )
                                    )
            Plaintiffs,              )
                                    )
    v.                              )
                                    )
LOWE'S HOME CENTERS, LLC d/b/a      )
LOWE'S COMPANIES, INC. d/b/a        )
LOWE'S and JOHN DOE                 )
                                    )
            Defendants.              )

### PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANT LOWES

The Plaintiffs, by counsel, pursuant to Rule 33 of the Indiana Rules of Trial Procedure, propound the following Interrogatories to the Defendant, Lowes (the "Answering Party"), to be answered fully by Defendant, without evasion and under oath, on or before thirty (30) days from the date of service, by serving a duly executed copy of these Interrogatories, with answers thereto, upon the undersigned counsel for the Plaintiffs.

### Duties of the Answering Parties

Attention is drawn to the duties of the Answering Party, which include the following:

A.  In answering these Interrogatories, the Answering Party shall furnish all requested information, not subject to a valid objection, that is known by, or available or accessible to the Answering Party or any of their attorneys, consultants, representatives, or other agents.

B.  If the Answering Party is unable to answer fully any one of these Interrogatories, he must answer it to the fullest extent possible.   An evasive or incomplete answer, if made in bad faith, is deemed to be a failure to answer under Trial Rule 37(A)(3).

C.  If the Answering Party objects to an Interrogatory or a subpart thereof as calling for information which is beyond the scope of discovery (e.g., "not reasonably calculated to lead to the discovery of admissible evidence," "work product," "unduly burdensome," etc.) he must,

1

nevertheless, answer the Interrogatory or subpart thereof to the extent that it is not objectionable.

D.   The Answering Party must supplement or correct the responses to these Interrogatories without being requested to do so (1) as to information hereafter acquired which would be responsive to these Interrogatories requesting the identification and location of persons having knowledge of discoverable matters, (2) as to any response when it is discovered to have been incorrect when made or when it is discovered to no longer be true.

E.   Under Trial Rule 33(E) an Interrogatory, otherwise proper, is not objectionable because it involves an opinion, contention or legal conclusion.

F.   The space for Answers to these Interrogatories is provided pursuant to Trial Rule 33(B) and is in no manner intended to suggest an appropriate length of response or relieve the Answering Parties of their duty to provide full responses.   Additional sheets may be attached to this form, if necessary.

## Definitions

A.   "Defendant(s)", shall mean and include officers, directors, partners, owners, employees, agents, or person acting or having acted in any way for or on behalf of the Defendant, or any parent, subsidiary or affiliate corporation, partnership or other related business entity.

B.   "Plaintiffs" shall mean David and Janice Train.

C.   "You" and "your" refers to the Answering Party, but the use of such terms shall not be construed so as to limit the information provided to that which is within the personal knowledge of such party.

D.   "Document" shall mean and include any book, pamphlet, periodical, letter, report, memorandum, contract of agreement, record, study, working paper, invoice, statement, bill, diagram, drawing, specification, plan, data processing card, photographs, tape or other sound recording, minutes or any other writing, however produced or reproduced in any and all files found.

E.   "Person" or "persons" refers to any individual person (whether living or deceased), partnership, firm, corporation, association, joint venture, or other entity.

F.   "Identify" (or state the identity of) with respect to a person means set forth the following information:

(1)   His or her full name;

(2) His or her present residence and business address;

(3) His or her present or last known employer and job position.

G. "Identify" with respect to a document means set forth the following information:

(1) A general description thereof (e.g., letter, memorandum, report, etc.);

(2) A brief summary of its contents;

(3) The name and address of the custodian of the original;

(4) The name and address of the person(s), if any, who drafted, prepared, compiled, or signed it; and,

(5) Any other descriptive information necessary in order to adequately describe it in a subpoena duces tecum or in a request for production.

H. The "Incident" shall refer to the series of events that led to the injury sustained by David Train on November 2, 2021 at Lowe's store #1135 more specifically detailed in the Complaint.

**INTERROGATORY**

1. Please describe any documentation, memorandums, writings, letter(s), contracts or the like which would set forth issues of and/or relating to legal liability for the Incident (give the identity of the custodian of the records).

**ANSWER**:

2. Please identify by proper name and address all persons or entities who may be held liable for the Incident, including but not limited to the Lowe's employee, John Doe, who struck the Plaintiff and any other persons or entities who may be responsible for the injuries to the Plaintiff due to contract or agreement.

**ANSWER**:

3. Does answering Defendant claim that the damages of the Plaintiffs were caused in whole or in part by any "non-party", (as that term is defined by Indiana Law). If your answer is in the affirmative, state the following:

   a. Name and current address of each such non-party;

   b. The factual basis or legal grounds upon which you base your claim;

   c. The full names, current addresses, telephone numbers and places of employment of each person known to defendant or his attorneys investigators or insurance company employers who have knowledge of facts or relevant information concerning such claims

   d. Identify all statements, written or oral, and if written, or recorded in any manner, the name and current address of the custodian obtained from any person that pertains to such claims;

   e. Identify all documents within defendant's care, custody or control, and the name and current address of the custodian thereof, which the defendant relies on to support such claim.

   **ANSWER**

I (we) affirm, under the penalties for perjury, that the foregoing representation(s) is (are) true.

_____
Representative- Lowes.

4

/s/ Reid Nahmias
Reid A. Nahmias (#30785-29)
Alexander J. Limontes (#27226-49)
Attorney for Plaintiff(s)
**Hurst Limontes, LLC**
50 South Meridian Street, Suite 600
Indianapolis, IN 46204
(317) 636-0808

**SERVED WITH COMPLAINT**

5